# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TRACEY FRY,

    Plaintiff,

    v.

MICHAEL SHEAHAN and the SHERIFF'S
OFFICE OF COOK COUNTY, ILLINOIS,

    Defendants.

No. 04 C 2586
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This case arises out of alleged work-related discrimination against and refusal to accommodate Plaintiff Tracey Fry, who is disabled as defined under the Americans with Disabilities Act of 1990 as amended ("ADA"). Fry began her employment with Defendant Cook County Sheriff's Department in July 2000. She alleges that Defendants failed to accommodate her March 2003 request to limit her job duties to desk work only and to less than twenty minutes total of being on her feet per day. Defendants now move for summary judgment on the one-count complaint, which I grant for the reasons stated herein.

## I. Standard of Review

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable party could return a verdict for the nonmoving party." *Pugh v. City of*

*Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, F.3d 467, 471 (7th Cir. 2002). I will accept the nonmoving party's version of any disputed fact only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

**II. Preliminary Issues**

As an initial matter, Defendants request that most of Plaintiff's statements of additional fact be stricken because they are "replete with conclusory assertions unsupported by admissible evidence." Specifically, Defendants request that paragraphs 3, 6-17, 19, 20, 22, 24, 25, and 30 be stricken or disregarded from the record. I disregard paragraph 15 ("It seemed to me that they were intentionally trying to make my work life miserable so that I would quit.") because it is conjecture and mere speculation that cannot be relied upon to defeat a motion for summary

judgment. *See Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir. 1998) (affidavits must be based upon personal knowledge). Insofar as paragraphs 17, 19, 20, and 24 are based upon inadmissible hearsay, I further strike the facts contained in those paragraphs. *See Winskunas v. Birnbaum*, 23 F.3d 1264, 1268 (7th Cir. 1994) (plaintiff must "ward off the grant of the motion [for summary judgement]" by presenting "evidence of evidentiary quality; hearsay is "incapable of creating a *genuine* issue of material fact."). To the extent necessary, I address the remaining statements of additional facts in the Factual Background and Discussion sections, *infra*, Parts III - IV.

Defendants also contend that Plaintiff's response to Defendants' Local Rule 56.1 Statement of Facts fails to comply with the local rules. Plaintiff admitted to the facts set forth in paragraphs 1-8, 10-12, 17, 19-21 and 23-24. I deem those paragraphs admitted. With regard to paragraph 9, Fry's denial is well-taken. The portion of Fry's transcript cited and included in the record does not support Defendants' statement that Fry's supervisor informed Fry "that she could not work as an Administrative Assistant I located in the Interlock of Division V of the Cook County Jail with the restrictions contained in Plaintiff's doctor's notes." Defendants cite to Fry's deposition transcript at pages 14 - 16 but have only included page 16. On that page, Fry testifies that Kurtovich took her doctor's note and said that she could not "return to work until [she] was either not sick or [until she] had no restrictions." For purposes of ruling on this motion, this is the version of the events contained in paragraph 9 on which I will rely.

I also sustain Fry's objection to Defendants' paragraphs 13-15 to the extent that those paragraphs call for the legal conclusion that Defendants' actions "attempt[ed] to accommodate"

3

or "accommodate[d]" Fry. Subject to that qualification, Fry has admitted the remaining factual assertions in these paragraphs.

Fry failed to respond to paragraph 16, which I deem admitted.

Fry denies paragraph 18, which states "Plaintiff did not return to work after March 22, 2003," citing Defendants' own statement of fact contained in paragraph 24, which states "Plaintiff accepted defendants' offer and returned to work October 29, 2007 in the accommodated position." Though inartfully drafted, the undisputed fact is that Fry did not return to work after March 22, 2003 *until* October 29, 2007. I strike the legal conclusion from paragraph 24 that Fry returned to an "accommodated position."

Finally, with regard to paragraph 22, which states that Fry was unable to work from October 2003 until October 2007 because she was disabled while waiting for and ultimately receiving a kidney and pancreas transplant, I accept as true that for at least a portion of that time (from March 2003 through most of 2004) Fry was physically capable of performing the duties required by an administrative assistant subject to the restrictions she and her doctors requested.[1]

## III. Factual Background

Plaintiff began working for Defendant in July 2000. In 2003, Fry was employed as an Administrative Assistant I located in the Interlock of Division V of the Cook County Jail, Grade 12. In this capacity, Fry's job duties included data entry, telephone operations, filing, and

---

[1] Defendants are correct that Fry cites to an improper portion of her affidavit, but she is only off by one paragraph in a relatively short, 33-paragraph affidavit, and the undisputed doctor's notes support her contention that she could perform desk-only duties beginning in March 2003. Presumably Fry's abilities in this regard changed just before and certainly after her transplant operation, but she is not contending that she could perform any of her job duties during that time.

manning the counter. Part of her job included collecting information from the files for various staff. From July 2000 through March 2003, Fry worked the second shift, from 3 p.m. to 11 p.m.

On March 22, 2003, Fry reported to work and presented her supervisor with doctor's notes containing medical restrictions. A March 13, 2003 doctor's note stated that Fry "is being treated for severe diabetes with kidney disease. These conditions are currently causing her to be very weak. She may work but must be confined to desk duties and computer work only until further notice." A March 21, 2003 doctor's note stated that Fry:

> suffers from Type 1 diabetes, kidney disease and severe high blood pressure. If she remains on her feet for greater than 2-3 minutes, she may experience increased swelling in her legs which will further increase her blood pressure and could lead to further kidney damage. Her conditions require her to do desk work only with <u>minimal</u> time (less than 20 minutes total) on her feet. I expect her to be restricted in this way for at least 3 more months.

On March 21, 2003, the County Medical Division also issued Fry a Return to Work form containing the restrictions of "desk and computer duties only."

Upon being informed of Fry's condition, Fry's supervisor, Assistant Director Scott Kurtovich, informed Fry that she could not work until she was either not sick or had none of the restrictions contained in the doctor's notes. Fry did not work that day and did not return to work until October 2007.

On March 26, 2003, Fry filed a grievance with her union seeking to be allowed to return to her previous position as an Administrative Assistant I located in the Interlock of Division V of the Cook County Jail with an accommodation under the Americans with Disabilities Act for her medical restrictions. On April 9, 2003, the County Medical Division issued Fry another return to

work form with the same restrictions as before, "desk and computer duties only," pursuant to Fry's medical condition.

A grievance hearing was held between Rosmarie M. Nolan, Director of Personnel for the Cook County Sheriff's Department, and Betty Boles, Union Representative of SEIU Local 73 on May 22, 2003. As a result of that hearing, Defendants offered Fry the position of Clerk/Telephone Operator, Grade 9, at the Cook County Department of Corrections' Records Division. Fry received Defendants' offer of the position but rejected it because she could not afford the almost $7,000 per year pay decrease that it offered.[2] Fry wanted a position that required less walking than her Administrative Assistant I position but with the same pay. In addition, Fry was aware that, starting from at least January 2003, if not earlier, and through March 2003, Defendants were short administrative assistants for the third shift (11 p.m. to 7 a.m.).[3]

---

[2] It is undisputed that this was the reason Fry gave for not accepting the Clerk/Telephone Operator position. Whether or not Fry could afford to pay her rent, utilities, transportation, food, or out of pocket medical costs had she taken the Clerk/Telephone Operator position is a question left unanswered by the record before me. Fry asserts the fact that she could not afford a reduction in pay with only a conclusory statement in her affidavit. She includes no specific facts regarding her yearly expenses and income. However, this does not create a genuine issue of material fact necessary to defeat summary judgment.

[3] Fry brings up this fact in her additional statement of facts because she also contends that the administrative assistants on the third shift did almost entirely data entry and desk duty and were only on their feet for about ten minutes in total during their shift. However, this additional contention asserts as fact the job duties of many varied individuals in a conclusory fashion and is otherwise unsupported by the record. Instead, the record supports the fact that the position of administrative assistant included job duties such as data entry, telephone operations, filing, and manning the counter. Accordingly, I strike paragraph 22 of Plaintiff's additional statement of facts.

Between the end of June and early August 2003, Fry applied for, was determined eligible for, and received disability payments from the County Employees' Annuity & Benefit Fund. Fry's disability payments from that fund amounted to approximately $1,200 less than her monthly salary as a Grade 12 Administrative Assistant I. Fry also applied for, was determined eligible for, and began receiving total disability payments from Social Security. From March 22, 2003 through most of 2004, Fry was physically capable of performing the duties required by an administrative assistant, subject to the restrictions she and her doctors requested (*i.e.,* minimal walking and/or time on her feet).

In April 2004, Fry filed a one-count complaint under the Americans with Disabilities Act for Defendants' alleged failure to reasonably accommodate her request to be assigned desk and computer duties only due to her medical condition.

On October 9, 2007, Fry reported to the Cook County Medical Unit and obtained a Physician's Approval to Return to Work form, which listed as permanent restrictions "[n]o standing more than thirty (30) minutes at a time during any eight (8) hour shift." On October 15, 2007, Defendants offered Fry a Clerk/Grade 9 position located in the Court Services' Civil Process Division. Fry accepted the offer and returned to work on October 29, 2007 in the Clerk/Grade 9 position.

**IV. Discussion**

The ADA makes it illegal for an employer to fail to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A).

Under a failure to accommodate theory, Fry must prove by a preponderance of the evidence: (1) that she is a qualified individual with a disability; (2) that her employer was aware of her disability; and (3) that her employer failed to reasonably accommodate her disability. *Hoffman v. Caterpillar, Inc.*, 256 F.3d 568, 572 (7th Cir. 2001). Defendants move for summary judgment on the basis that Fry cannot prove that she is a qualified individual with a disability, nor that Defendants failed to accommodate her disability.

### A. Qualified Individual with a Disability

It is undisputed that Fry is disabled as defined under the ADA; that is, that her physical impairment substantially limits one or more of her major life activities. *See* 42 U.S.C. § 12102(1)(A). The issue is whether Fry is also a "qualified individual with a disability," which under the ADA is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Ross v. Indiana State Teacher's Ass'n Ins. Trust*, 159 F.3d 1001, 1013 (7th Cir. 1998). There is no dispute between the parties that Fry possesses the requisite skill and experience necessary to do the administrative assistant job. *See* 29 C.F.R. § 1630.2(m). The issue is whether Fry "can perform the essential functions of such position" with or without accommodation. Id. This aspect of the definition of "qualified individual" is in dispute.

Generally, employers are allowed to determine the responsibilities and qualifications of a given position and courts "do not otherwise second-guess the employer's judgment in describing the essential requirements of the job." *Basith v. Cook County*, 241 F.3d 919, 928 (7th Cir. 2001) (citing *DePaoli v. Abbott Labs.*, 140 F.3d 668, 674 (7th Cir. 1998)); 42 U.S.C. § 12111(8)

("consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.").

Despite presenting Defendants with medical restrictions limiting her to "desk work only" and "less than 20 minutes total" of being "on her feet," Fry wanted to return to work in the same Administrative Assistant I position in the Interlock of Division V of the Cook County Jail. However, Fry admits that (1) the administrative assistant position included various filing tasks that required her to be up on her feet at certain times throughout her shift, and (2) she was medically restricted to desk duty only (except for up to twenty minutes each day). Fry attempts to dispute that the tasks which required her to be on her feet were not included as essential functions of her job. She argues that from July 2000 through 2002 she was assigned to desk and data entry duties approximately ninety-five percent of the time and was only on her feet for about ten minutes total in a day. Fry also makes several unpersuasive and conclusory observations in her affidavit, including that there were about fifteen other administrative assistants in her office and on her shift on any given day who solely did data entry work and/or desk duty and who were also only on their feet for ten minutes total during a work day. Fry also testifies in her affidavit that other administrative assistants offered to switch tasks with her so that she could do the data entry work instead of the work that required her to be on her feet. However, these contentions are irrelevant to Defendants' argument that Fry could not perform the essential functions of her job. Fry has admitted that various filing tasks were part the administrative assistants' job description and actual job duties, and I will not second-guess Defendants' judgment that these

9

duties were an essential function of that position. Fry's self-serving and unsupported affidavit to the contrary is insufficient to overcome this deference.

### B. Failure to Accommodate

Fry likewise cannot establish that Defendants failed to accommodate her disability. The ADA requires that employers accommodate disabled employees by reassigning them to new positions when they can no longer perform the essential functions of their old ones. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 498 (7th Cir. 1996). However, an employer need not bump an incumbent employee from a position in order to accommodate a disabled employee. *Pond v. Michelin N. Am., Inc.*, 183 F.3d 592, 595 (7th Cir. 1999) (citing *Gile*, 95 F.3d at 499). Moreover, an employer is not required to keep a disabled person in a particular job that she cannot perform with the disability just to accommodate the plaintiff's disability. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 526 (7th Cir. 1996); *see also Jay v. Intermet Wagner, Inc.*, 233 F.3d 1014, 1017 (7th Cir. 2000) ("It is the employer's prerogative to choose a reasonable accommodation; an employer is not required to provide the particular accommodation that an employee requests.") Rather, an employer may reasonably satisfy its duty to accommodate by reassignment to a vacant position for which the plaintiff is qualified, even if such reassignment represents a demotion. 42 U.S.C. § 12111(9)(B); *Henricks-Robinson v. Excel Corp.*, 154 F.3d 685, 693-695 (7th Cir. 1998) (citations omitted).

Following the grievance procedure, Fry was offered a position that was restricted to desk duty, *i.e.* a position that would have accommodated her stated medical restrictions. That the position paid $7,000 a year less than her previous position does not run afoul of the ADA. Fry argues that other employees could have been assigned to perform the functions of her job that she could not. However, Defendants were not required to accommodate Fry in this fashion. *See*

10

*Chen v. Galen Hosp., Inc, et al*, No 97 C 5888, 1999 WL 104723, at *3 (N.D. Ill. Feb. 23, 1999) ("Defendant is not required to accommodate plaintiff by assigning other employees to perform the essential functions of her job.") (citing *Cochrum v. Old Ben Coal Co.*, 102 F.3d 908, 913 (7th Cir. 1996) ("Reasonable accommodation does not encompass reallocation of essential job functions.")). It is undisputed that Defendants kept open their offer of the Clerk position to accommodate Fry's medical restrictions – a position she eventually accepted in October 2007.

## V. Conclusion

Plaintiff has not presented competent evidence either that she was a qualified individual with a disability or that Defendants failed to accommodate her disability. Therefore, Defendants' motion for summary judgment is granted.[4]

ENTER:

James B. Zagel
United States District Judge

DATE: August 12, 2009

---

[4] What arguably remains in the case is Fry's claim for back wages from March 22, 2003 (the day she brought in her doctor's notes) until May 22, 2003 (the date Defendants offered her the accommodated position) at the rate of pay for the Clerk, Grade 9 position and taking into account any disability payments Fry received for those two months. Since the briefing on the motion for summary judgment does not address Plaintiff's claim for back wages, I grant Plaintiff leave to file a motion to reconsider my ruling on this limited basis.